IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED

NOV 1 9 2021

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20cv0954 (AJT/JFA) |
| | ) |
| JOEL ROLLINS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff Strike 3 Holdings, LLC's ("plaintiff" or "Strike 3") motion for default judgment (Docket no. 35) against defendant Joel Rollins ("defendant" or "Rollins"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On August 19, 2020, plaintiff filed a complaint against a John Doe defendant associated with a certain known Internet Protocol ("IP") address. (Docket no. 1). On September 9, 2020, the court granted plaintiff's request (Docket no. 5) to serve a third-party subpoena prior to a Federal Rule of Civil Procedure 26(f) conference on John Doe's internet service provider ("ISP"). (Docket no. 8). In response to the third-party subpoena, the ISP disclosed that Joel Rollins was the person associated with the IP address identified in the complaint. On December 12, 2020, plaintiff filed an amended complaint substituting Joel Rollins as defendant in this matter. (Docket no. 12, 16) ("Am. Compl."). In its amended complaint, plaintiff alleges that Rollins willfully downloaded, copied, and distributed without authorization all or portions of 44

copyrighted films owned by plaintiff using BitTorrent, a peer-to-peer file sharing protocol, in

violation of 17 U.S.C. §§ 106(1), 106(3)–(5), and 501.  (Am. Compl. ¶¶ 4, 17–46).  The amended

complaint seeks statutory damages, injunctive relief, attorney's fees, and costs.  (Am. Compl. at

9).

On March 26, 2021, a summons was issued for service on defendant.  (Docket no. 25).

On May 10, 2021, a return of service was filed by plaintiff confirming that Rollins was

personally served with the summons and amended complaint on April 28, 2021.  (Docket no.

27).  In accordance with Federal Rule of Civil Procedure 12(a), defendant's responsive pleading

was due May 19, 2021, twenty-one days after defendant was served with a copy of the summons

and amended complaint.  Defendant has not filed a responsive pleading and the time for doing so

has expired.

On August 17, 2021, plaintiff filed its request for entry of default as to defendant

pursuant to Federal Rule of Civil Procedure 55(a).  (Docket no. 29).  On August 18, 2021, the

Clerk of Court entered default as to defendant pursuant to Federal Rule of Civil Procedure 55(a).

(Docket no. 32).  On September 3, 2021, plaintiff filed a motion for default judgment with an

attached memorandum, and declaration of Dawn M. Sciarrino.  (Docket no. 35).  This motion

was noticed for a hearing on November 19, 2021.  (Docket no. 42).  Plaintiff filed an affidavit of

mailing on November 4, 2021, indicating that a copy of the notice of hearing and the motion for

default judgment with exhibits was sent to defendant on October 21, 2021, by United Parcel

Service.  (Docket no. 45).  On November 19, 2021, plaintiff's counsel appeared before the

undersigned pursuant to the notice of hearing and no one appeared on behalf of defendant.

## Factual Background

The following facts are established by the amended complaint. Plaintiff is a limited liability company organized under the laws of Delaware. (Am. Compl. ¶ 11). Defendant is an individual residing in Manassas, Virginia. (Am. Compl. ¶ 12). Plaintiff is the owner of the 44 copyrighted films at issue in this action, which are detailed in Exhibit A of plaintiff's amended complaint (Docket no. 12-1) and attached to these proposed findings of fact and recommendations as Exhibit A. (Am. Compl. ¶¶ 4, 42, 45).

The BitTorrent file distribution network ("BitTorrent") is a peer-to-peer file sharing system that allows users to interact with one another to distribute large amounts of data, including digital movie files. (Am. Compl. ¶ 17). BitTorrent allows individual users to distribute large files, broken into small pieces called "bits," with other users without the use of an intermediary host website. (Am. Compl. ¶¶ 18–26). After a user receives all of the bits of a digital media file from other users, the user's BitTorrent client software reassembles the bits in order to open and utilize the file. (Am. Compl. ¶ 26).

Using a detection system developed, owned, and operated by plaintiff, plaintiff determined that defendant used the BitTorrent file network to illegally download and distribute plaintiff's copyrighted works. (Am. Compl. ¶¶ 27, 28). As described in the amended complaint, plaintiff was able to download from defendant through the BitTorrent file distribution network with defendant's IP address one or more pieces of numerous digital media files that were then verified to contain a digital copy plaintiff's copyrighted works. (Am. Compl. ¶¶ 29–35). As shown in Exhibit A to the amended complaint, the hash value information for the downloads related to 44 of plaintiff's copyrighted works were collected by plaintiff and determined to be identical (or substantially similar) to plaintiff's copyrighted works. (Am. Compl. ¶¶ 37-42).

Through this process, plaintiff established that defendant downloaded, copied, and distributed a complete copy of each copyrighted film at issue on BitTorrent without authorization from plaintiff. (Am. Compl. ¶ 43).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendant's failure to file a responsive pleading, the Clerk of Court has entered a default as to defendant. (Docket no. 32). A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff brings this cause of action under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* This court has subject matter jurisdiction over the claim under 28 U.S.C. §§ 1331 and 1338. This court also has personal jurisdiction over defendant because defendant committed tortious acts in Virginia, resides in Virginia, and engaged in

4

substantial activity in Virginia. (Am. Compl. ¶ 9). Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District and defendant resides in this District. (Am. Compl. ¶ 10).

Given that defendant is in default, and therefore admits the factual allegations in the amended complaint, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally." Plaintiff's process server personally delivered a copy of the summons and amended complaint to defendant on April 28, 2021. (Docket no. 27). Based on the foregoing, the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading by May 19, 2021, twenty-one days after defendant was served with a copy of the summons and amended complaint. No responsive pleading has been filed by defendant and the time for doing so has expired. On August 17, 2021, plaintiff filed a request for entry of default against defendant by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 29). The certificate of service accompanying that filing indicates that plaintiff's counsel sent a copy to defendant at his mailing address. (Docket no. 29-2). The Clerk of Court entered a default against defendant on August 18, 2021. (Docket no. 32).

On September 3, 2021, plaintiff filed a motion for default judgment with an accompanying memorandum in support, and a declaration of Dawn Sciarrino. (Docket no. 35). The motion for default judgment contains the *Roseboro* notice required by Local Civil Rule 7(K). (Docket no. 35 at 3). For these reasons, the undersigned magistrate judge recommends a finding that the Clerk of Court has properly entered a default as to defendant and that defendant has notice of these proceedings.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because defendant failed to file a responsive pleading and is in default, he admits the factual allegations in the amended complaint. *See* Fed. R. Civ. P. 8(b)(6).

As alleged in the amended complaint, defendant willfully infringed upon plaintiff's copyrighted works in violation of 17 U.S.C. §§ 106(1), 106(3)–(5), and 501. (Am. Compl. ¶¶ 4, 43, 44, 59). To establish a case of direct copyright infringement, plaintiff must establish two elements: (1) ownership of the copyright; and (2) that the alleged infringer violated at least one exclusive right granted to the copyright holder. 17 U.S.C. §§ 106, 501(a); *see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

First, the facts set forth in the amended complaint establish that plaintiff owns the copyrights to the 44 films at issue in this matter, as enumerated in Exhibit A to the amended complaint (Docket no. 12-1) and Exhibit A to this proposed findings of fact and recommendations. Second, between March 4, 2020 and July 13, 2020, plaintiff established direct TCP/IP connections with defendant's IP address and downloaded one or more bits of each of the 44 copyrighted films at issue through BitTorrent. (Am. Compl. Ex. A). Plaintiff recorded

the unique "file hash," the electronic identification of the digital film, of the files that it downloaded from defendant's IP address and the date and time it did so, as detailed in Exhibit A to the amended complaint. Thus, plaintiff has shown that defendant copied and distributed elements of the 44 copyrighted films at issue through BitTorrent without plaintiff's authorization, permission, or consent. Plaintiff has furthermore established that defendant's violation was willful, given the nature of the BitTorrent network. Based on the foregoing, the undersigned recommends a finding that plaintiff has established defendant's liability for copyright infringement of the 44 copyrighted films at issue in this action.

## Relief Sought

Plaintiff's motion for default judgment and incorporated memorandum in support seeks: (i) $33,000.00 in statutory damages; (ii) a permanent injunction enjoining defendant from directly, contributorily, or indirectly continuing to infringe plaintiff's copyrighted works; (iii) an order that defendant delete and permanently remove the copyrighted films at issue in this action and any other copyrighted works of plaintiff from each of the computers and devices under defendant's possession, control, or custody; and (iv) $400.00 in costs. (Docket no. 35-4).

**Statutory Damages**

Pursuant to 17 U.S.C. § 504(c)(1), a copyright owner may recover "an award of statutory damages for all infringements involved in the action, and with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just" for unintentional infringement. For infringement committed willfully, the court "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Plaintiff alleges that defendant willfully infringed on its works and that a statutory damages award of up to $150,000.00 would be appropriate. However, plaintiff seeks $750.00 in

7

statutory damages per infringement in this action, the minimum statutory damages award under

17 U.S.C. § 504(c)(1), which amounts to a total of $33,000.00 for the 44 copyrighted films at

issue.[1]  In similar cases, this court has held that an award of minimum statutory damages is

reasonable and appropriate. *See, e.g., Zomba Recording v. Nguyen*, No. 1:08-cv-1065

(LMB/TCB), 2009 WL 4030751 at \*5 (E.D. Va. Nov. 17, 2009) (finding an award of $750 to be

reasonable); *Malibu Media, LLC v. Richard Buka*, No. 1:15-cv-0384 (LMB/JFA), (E.D. Va. Dec.

23, 2015) (awarding $2,250.00 per infringement); *Malibu Media, LLC v. Megha Bakshi*, No.

1:14-cv-0931 (TSE/TCB), (E.D. Va. June 29, 2015) (awarding $2,250.00 per infringement).

Plaintiff alleges its actual damages far exceed this sum because defendant materially aided

thousands of BitTorrent participants with infringing on its works, resulting in thousands of lost

sales. (Docket no. 35 at 5).  Given defendant's willful infringement and considering that

plaintiff's actual damages likely exceed the amount of statutory damages requested by plaintiff,

the undersigned recommends a finding that statutory damages in the amount of $33,000.00 is

reasonable.

**Permanent Injunction**

The Copyright Act provides the court with the power to grant injunctions in order to

prevent or restrain infringement of a copyright.  17 U.S.C. § 502(a).  In order for the court to

provide injunctive relief, "a plaintiff must show (1) irreparable injury, (2) remedies at law are

inadequate to compensate for that injury, (3) the balance of hardships between plaintiff and

defendant warrants a remedy, and (4) an injunction would not disserve the public interest." *Raub*

---

[1] The minimum award of statutory damages may be reduced to $200 in the event an "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). However, the alleged infringer bears the burden of proof under section 504(c)(2). Because defendant has neither appeared in this action nor filed a responsive pleading, the undersigned does not consider such a reduction.

*v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015) (internal quotation marks omitted) (quoting

*Monsanto Co. v. Geerston Seed Farms*, 561 U.S. 139, 156–57 (2010)).

Regarding the first prong, "[i]rreparable injury often derives from the nature of copyright

violations, which deprive the copyright holder of intangible exclusive rights." *Christopher*

*Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 544 (4th Cir. 2007). As alleged in the

amended complaint, defendant's conduct has made plaintiff's copyrighted works available on

BitTorrent for an extended period of time, and as a result, has exposed the works to widespread

infringement. Because defendant's conduct has made it unlikely that plaintiff will ever gain

exclusive control over the copyrighted works at issue, plaintiff has suffered irreparable harm.

*See EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 510 (E.D. Va. 2009).

Regarding the second prong, "the requisite analysis . . . inevitably overlaps with that of

the first." *MercExchange, LLC v. eBay, Inc.*, 500 F. Supp. 2d 556, 582 (E.D. Va. 2007). Here,

absent an injunction, defendant's continued distribution of plaintiff's copyrighted works on

BitTorrent makes any calculation of future damages entirely speculative. *See generally*

*Galloway*, 492 F.3d at 544 ("[W]hile the calculation of future damages and profits for each

future [infringement] might be possible, any such effort would entail a substantial amount of

speculation and guesswork that renders the effort difficult or impossible . . . ."). Accordingly,

plaintiff has demonstrated that any remedy at law is inadequate.

The court must next consider whether the remedy of an injunction is warranted given the

balance of hardship between plaintiff and defendant. Here, defendant would only suffer the

hardship of conforming his actions to comply with the Copyright Act if an injunction is entered.

On the other hand, plaintiff faces great difficulty in enforcing its copyrights absent an injunction.

Consequently, the balance of hardship weighs in favor of issuing a permanent injunction.

Finally, the court must consider whether the public interest favors a permanent injunction. Here, an injunction would prevent copyright infringement, which in turn furthers the public's interest in preserving the integrity of copyright laws. *See Apple Comput., Inc. v. Franklin Comput. Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections . . . .") (internal quotation marks and citation omitted).

For these reasons, the undersigned recommends that defendant be enjoined from continuing to infringe plaintiff's copyrighted works.

**Destruction Order Pursuant to 17 U.S.C. § 503(b)**

Pursuant to 17 U.S.C. § 503(b), a court may order, as part of a final judgment or decree, "the destruction or other reasonable disposition of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights." Specifically, plaintiff requests that the court require defendant to delete and permanently remove the digital media files and copies relating to plaintiff's copyrighted works from each computer and device under defendant's possession, custody, or control. Consistent with this statutory provision and to ensure against any future infringement of plaintiff's copyrights, the undersigned recommends that defendant be ordered to delete and permanently remove any of plaintiff's copyrighted works from any computer or device in his possession, custody, or control.

**Attorney's Fees and Costs**

Pursuant to section 505 of the Copyright Act, the court may authorize the recovery of full costs and an award of reasonable attorney's fees to the prevailing party in a copyright action. 17 U.S.C. § 505. Plaintiff requests costs in the amount of $400.00 (consisting of the statutory filing

10

fee of $400.00). Plaintiff does not request an award of attorney's fees in its motion for default judgment. After reviewing the applicable submissions by counsel, the undersigned recommends a finding that plaintiff is the prevailing party and plaintiff's request for $400.00 in costs is reasonable. Accordingly, the undersigned recommends that plaintiff be awarded $400.00 in costs.

## Conclusion

For these reasons, the undersigned magistrate judge recommends that a default judgment be entered in favor of Strike 3 Holdings, LLC and that an order be entered that enjoins Joel Rollins from continuing to infringe plaintiff's copyrighted works. It is also recommended that an order be entered that requires Joel Rollins to delete and permanently destroy any digital files or copies of plaintiff's copyrighted works from any computers or devices that are under his possession, custody, or control. The undersigned further recommends that judgment be entered against Joel Rollins in the amount of $33,440.00 (consisting of $33,000.00 in statutory damages arising from the copyright infringement claim and $400.00 in costs).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Joel Rollins at 8099 Lacy Drive, Apartment 203, Manassas, Virginia 20109, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

12

ENTERED this 19th day of November, 2021.

_____/s/_____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

12